IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL CARREON-RICO,<br><br>Defendant. | 8:09cr308<br><br>ORDER |

This matter is before the Court on the defendant's motion for appointment of counsel for the purpose of modification of his term of imprisonment pursuant to retroactive amendment 782 of the United States Sentencing Guidelines, Filing No. 68. The defendant is presently incarcerated in a Mexican jail under a transfer treaty. *See id.* The record shows the defendant was sentenced on March 8, 2010, to a mandatory minimum sentence of ten years (120 months). Filing No. 32, Judgment.

The United States Sentencing Commission recently revised the United States Sentencing Guidelines ("USSG") applicable to drug trafficking offenses by changing how the base offense levels in the drug quantity tables incorporate the statutory mandatory minimum penalties for such offenses. Amendment 782 (sometimes called the "drugs minus two" or the "2014 drug guidelines amendment") reduces offense levels assigned in the Drug Quantity Table by two levels, resulting in lower guideline ranges for many drug trafficking offenses. *See Federal Register Notice of Final Action Regarding Amendment to Policy Statement §1B1.10*, Effective November 1, 2014, 79 Fed. Reg. 25996 (May 6, 2014); *available at* http://www.ussc.gov/amendment-

process/federal-register-notices. The proposed amendment went into effect on November 1, 2014. *Id.*

The Court is statutorily precluded from applying a federal sentencing guideline amendment retroactively unless the United States Sentencing Commission designates an amendment for retroactive application. 18 U.S.C. § 3582(c)(2); *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). The Sentencing Commission has given retroactive effect to the amendment. *Id.*; *see* U.S.S.G. 1B1.10.

The Court finds the defendant cannot benefit from Guideline Amendment 782, because the amendment does not "have the effect of lowering [his] applicable guideline range" because he was sentenced to a statutory mandatory minimum term. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n. 1(A) (stating "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")).

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a sentence pursuant to an amendment to the guidelines only "if such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission." *See also Dillon v. United States*, 560 U.S. 817, 826 (2010). Under one of those policy statements, the Court may not reduce a sentence "to a term that is less than the minimum of the amended guideline range. . . ." U.S.S.G. § 1B1.10(b)(2)(A). Section 5G1.1(c)(2), in turn, provides that the bottom of any guideline range cannot be less than an applicable statutory minimum. U.S.S.G. § 5G1.1(c)(2). In short, because the bottom of an amended guideline range cannot be less than the statutory minimum under § 5G1.1(c)(2), and because the Court cannot impose a sentence below the bottom of an amended guideline range under § 1B1.10(b)(2)(A), a sentence below a statutory minimum would violate the guidelines themselves. *See* U.S.S.G. § 1B1.10 cmt. n. 1(A) (explaining that a lower guideline range pursuant to an amendment may be blocked "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"); *United States v. Peters*, 524 F.3d 905, 906–07 (8th Cir. 2008) (per curiam) (defendant not eligible under guidelines for reduction below minimum sentence established by 21 U.S.C. § 841). When the statutory required mandatory minimum is greater than the applicable guideline range, the statutory mandatory minimum is the guideline sentence. U.S.S.G. § 5G1.1(b).

Moreover, statutory mandatory minimum sentences are, by definition, mandatory; courts do not have authority to sentence below them (with a couple of narrow exceptions). *See United States v. Payton*, 636 F .3d 1027, 1049 (8th Cir. 2011) (stating that district courts lack the authority to reduce sentences below congressionally-mandated statutory minimums). The Sentencing Commission has "no authority to

eliminate a statutory mandatory minimum imposed by Congress." *United States v. Golden*, 709 F.3d 1229, 1233 (8th Cir.2013)

Because the defendant was sentenced to a statutory mandatory minimum sentence, this Court has no authority to reduce his sentence below the statutory mandatory-minimum sentence of 120 months.  The defendant's sentence of 120 months is not "based on a sentencing range that has been subsequently lowered by the commission," but is dictated by statute and not affected by any change in the base offense levels of the advisory guidelines.  *See* 18 U.S.C. § 3582(c)(2).  Accordingly, the defendant is not entitled to any sentence reduction under Amendment 782 and appointment of counsel would be futile.

IT IS HEREBY ORDERED:

1.  The defendant's pro se motion for appointment of counsel for the purpose of modification of his sentence (Filing No. 68) is denied.

2.  The Clerk's Office shall mail a copy of this order to defendant at his address in Mexico as listed on the motion.

Dated this 28th day of September, 2015

BY THE COURT:

s/Joseph F. Bataillon
Joseph F. Bataillon
Senior United States District Judge